■ XIAO-FENG WANG et al., Appellants, v FORTY SECOND STREET DEVELOPMENT CORP. et al., Respondents. [723 NYS2d 644] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 12, 2000, which denied plaintiffs' motion to strike defendants' answers pursuant to CPLR 3126 (3) for failure to comply with discovery orders and requests, unanimously affirmed, with costs.

The motion court did not misapprehend the nature of plaintiffs' motion, but rather, specifically and accurately noted that it was one to strike the answers pursuant to CPLR 3126 (3). The motion was properly denied, since, four days before bringing the motion, plaintiffs had certified in a note of issue that there was no outstanding discovery, and the day before making the motion had failed to alert the court during a conference that the circumstances were otherwise than as represented in the note of issue. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.

■ In the Matter of CLIFFORD MUNIZ, Petitioner, v RUDOLPH W. GIULIANI, as Mayor of New York City, et al., Respondents. [723 NYS2d 366] —Determination of respondent Police Commissioner, dated October 7, 1999, imposing upon petitioner, a New York City police officer, a forfeiture of 10 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered March 28, 2000), dismissed, without costs.

Respondents' determination that petitioner, while off-duty, engaged in conduct prejudicial to the Police Department is supported by substantial evidence (see, Matter of Berenhaus v Ward, 70 NY2d 436), including the testimony of the then on-duty officers that petitioner repeatedly interrupted the interview by one of the officers of the complainant, who was petitioner's former girlfriend, declaring that he was going to conduct his own investigation into the matter.

The penalty of a forfeiture of 10 vacation days is not so disproportionate to the offense that petitioner was found to have committed as to be shocking to our sense of fairness (see, Trotta v Ward, 77 NY2d 827). Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.